IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NORTH STAR ALASKA HOUSING CORP., )
)
Plaintiff, )
) No. 08-460C
v. )
) (Judge Allegra)
)
THE UNITED STATES, )
)
Defendant. )

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

For its answer to the First Amended Complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first sentence of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contracting officer final decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the letter and decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in the first, second, and third sentences of paragraph 13 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 13. The remaining allegations contained in paragraph 13 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits. Avers that the commencement of this action has placed issues considered by the contracting officer into litigation and thereby taken from the Department of the Army

the authority to pay at least $227,364 of the $236,700.41 referenced in paragraph 14.

15. Admits. Avers that the commencement of this action has placed issues considered by the contracting officer into litigation and thereby taken from the Department of the Army the authority to pay the $1,789 referenced in paragraph 15.

16. The allegations contained in the first sentence of paragraph 16 that "CDA interest on a majority of amounts paid remains due" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in the first sentence of paragraph 16. Avers that the commencement of this action has placed issues considered by the contracting officer into litigation and thereby taken from the Department of the Army the authority to pay at least $229,153 of the $238,489.41 referenced in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16 to the extent supported by the answer cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 16.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Admits the allegations contained in paragraph 19 to the extent supported by the opinion cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the opinion cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

22 (second).[1] The allegations contained in paragraph 22 (second) constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to

[1] The First Amended Complaint includes two paragraphs 22.

the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the opinion cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits. Avers that the commencement of this action has placed issues considered by the contracting officer into litigation and thereby taken from the Department of the Army the authority to pay at least $227,364 of the $236,700.41 referenced in paragraph 26.

27. Admits. Avers that the commencement of this action has placed issues considered by the contracting officer into litigation and thereby taken from the Department of the Army the authority to pay the $1,789 referenced in paragraph 27.

28. Admits. Avers that the commencement of this action has placed issues considered by the contracting officer into litigation and thereby taken from the Department of the Army the authority to pay at least $229,153 of the $238,489.41 referenced in the paragraph 28.

29. Admits the allegations contained in the paragraph 29 to the extent supported by the answer cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in the first sentence of paragraph 30 to the extent supported by the complaint cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 30. The remaining allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

32. Defendant's responses to paragraphs 1 through 31 of the First Amended Complaint are incorporated by reference.

33. The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Defendant's responses to paragraphs 1 through 28 of the First Amended Complaint are incorporated by reference.

36. The allegations contained in paragraph 36 constitute conclusions of law, to which no answer is required. To the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 39, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
by s/Mark A. Melnick
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps of Engineers
Galveston District

September 8, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 8, 2008, a copy of the foregoing Defendant's Answer To First Amended Complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail