IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NORTH STAR ALASKA HOUSING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-460C |
| v. | ) | |
| | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR JUDGMENT UPON THE PLEADINGS
UPON THE CLAIM REGARDING AN INCENTIVE FEE FOR 2006

In this action, plaintiff, North Star Alaska Housing Corp., ("North Star"), alleges that the Government breached a lease, including in its award of an "incentive fee" for 2006. However, North Star does not allege facts regarding whether the Government's 2006 incentive fee award was arbitrary or capricious. Pursuant to Rules 12(h)(2) and 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court enter judgment upon the pleadings in favor of the United States upon the claim regarding an incentive fee for 2006, for failure to state a claim upon which relief may be granted.

QUESTION PRESENTED

Whether the Court should enter judgment in favor of the United States upon North Star's claim regarding an incentive fee for 2006, where North Star does not allege facts regarding whether the Government's 2006 incentive fee award was arbitrary or capricious.

## STATEMENT OF THE CASE

This is an action pursuant to the Contract Disputes Act, 41 U.S.C. §§ 601-613. First Amended Complaint ("Am. Compl.") ¶ 1. The Government and North Star entered into a lease of a 400-unit housing complex at Fort Wainwright, Alaska. Id. ¶ 4.[1] Article VII of the lease provides that the Government may award North Star an "incentive fee" of up to five percent of the maintenance rent for the period of time for which the Government finds that North Star's performance substantially exceeds the established standards of the lease. Id. ¶ 21.

On December 7, 2007, a contracting officer found that "North Star has requested an incentive fee award of $36,549.55 for exceptional performance during 2006." Am. Compl. Exhibit ("Exh.") C at 8.[2] The contracting officer found that "[t]here was no evidence found of any shortfalls on North Star's

---

[1] We assume the truth of the facts alleged in the complaint only for purposes of this motion. See Peterson v. United States, 68 Fed. Cl. 773, 775 (2005).

[2] Exhibit C refers to Exhibit C to North Star's original complaint. Although North Star refers to Exhibit C at ¶ 9 of its First Amended Complaint, it does not attach to the First Amended Complaint that or any of the other exhibits that are attached to its original complaint. However, in view of the references to those exhibits in the First Amended Complaint, we refer to Exhibit C in this motion as though it were attached to the First Amended Complaint.

performance that would detract from a full incentive fee award for 2006." Id. at 11. The contracting officer awarded "the requested amount of $36,549.55 for 2006." Id.; see Am. Compl. ¶ 22 (second).[3] North Star claims entitlement to an award that exceeds that amount. See Am. Compl. ¶ 22.

## ARGUMENT

### I. The Court Should Enter Judgment In Favor Of The United States Upon North Star's Claim Regarding An Incentive Fee For 2006, Because North Star Does Not Allege Facts Regarding Whether The Government's 2006 Incentive Fee Award Was Arbitrary Or Capricious

The Court should enter judgment in favor of the United States upon North Star's claim regarding an incentive fee for 2006, because North Star does not allege facts regarding whether the Government's 2006 incentive fee award was arbitrary or capricious. When more than one claim for relief is presented in an action, the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. RCFC 54(b). After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment upon the pleadings. RCFC 12(c). A defense of failure to state a claim upon which relief may be granted may be made by motion for judgment on the pleadings. RCFC 12(h)(2).

[3] The First Amended Complaint includes two paragraphs 22.

The legal standard applied to evaluate a motion for judgment upon the pleadings is the same as that for a motion to dismiss. Peterson, 68 Fed. Cl. at 776. In considering a motion to dismiss, the Court must accept as true all of a plaintiff's well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Id. at 775 (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). In order to state a claim upon which relief may be granted, factual allegations in a complaint must be sufficient to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. Id.

Pursuant to the lease, the Government may award an incentive fee of up to five percent of the maintenance rent for the period of time for which the Government finds that North Star's performance substantially exceeds the established standards of the lease. Am. Compl. ¶ 21. The contracting officer awarded "the requested amount of $36,549.55 for 2006." Am. Compl. Exh. C at 11; see Am. Compl. ¶ 22 (second). North Star claims entitlement to an award that exceeds that amount. See Am. Compl. ¶ 22 (second). Discretionary incentive fee decisions, however, are not reviewable upon the merits. See George Sollitt Constr. Co. v. United States, 64 Fed. Cl. 229, 305 (2005) (citing

Burnside-Ott Aviation Training Ctr. v. Dalton, 107 F.3d 854, 860 (Fed. Cir. 1997)). Review of an agency fee decision is limited to whether the decision was arbitrary or capricious. See id. at 247 (citing Burnside-Ott). For example, a fee decision that relies upon irrelevant or inappropriate factors or a biased or defective decision-making process may be arbitrary or capricious. See North Star Alaska Housing Corp. v. United States, 76 Fed. Cl. 158, 204-05 (2007), appeal dismissed, 226 Fed. Appx. 1004 (Fed. Cir. May 31, 2007) (unpublished table decision).

North Star, however, does not challenge the basis for the Government's 2006 incentive fee decision or the manner in which the Government made that decision. Although North Star complains that "[t]he Government has provided no reason for denying the full Incentive Fee award[] for 2006," North Star merely claims entitlement to "its full incentive fee award for all of 2006." Am. Compl. ¶ 22 (second). And although North Star appears to allege that $36,549.55 is not the maximum amount that the Government could have awarded for 2006 (see id.), it does not allege facts that set forth how the contracting officer's award of "the requested amount of $36,549.55 for 2006" (Am. Compl. Exh. C at 11) was arbitrary or capricious.

Because North Star does not allege facts regarding whether the Government's 2006 incentive fee award was arbitrary or capricious, North Star fails to state a claim upon which relief

may be granted with respect to an incentive fee for that year. Consequently, the Court should enter judgment in favor of the United States upon North Star's claim regarding an incentive fee for 2006.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter judgment upon the pleadings in favor of the United States upon North Star's claim regarding an incentive fee for 2006, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Donald E. Kinner
by s/Mark A. Melnick
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL
ANA-VALLI GORDON
Assistant District Counsel
United States Army Corps of Engineers
Galveston District

September 9, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on September 9, 2008, a copy of the foregoing Defendant's Motion For Judgment Upon The Pleadings Upon The Claim Regarding An Incentive Fee For 2006 was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail